THOMAS DURFEE,
W. S. BURGES,
ELISHA R. POTTER,
CHARLES MATTESON,
JOHN H. STINESS.

---

## IN RE THE LIQUOR LOCATIONS.

The provision in Pub. Laws R. I. cap. 889, § 2, of April 29, 1881, "Nor shall any license be granted for the sale of such liquors in any building or place within four hundred feet of any public school," forbids any license to be granted for the sale of liquor in a "building or place," any part of which is within four hundred feet of any part of a public school house, the distance being measured in a straight line.

PUBLIC LAWS R. I. cap. 889, § 2, of April 29, 1881, provide:

"The town councils of the several towns, and the boards of aldermen of the several cities, may grant or refuse to grant licenses, to such number, and so many citizens, resident within their respective town or city for the sale of pure spirituous and intoxicating liquors within the limits of such town or city, as they may think proper. Whenever any license for the sale of spirituous or intoxicating liquors shall be granted, the same shall be granted to expire on the first day of July next succeeding the granting of the same, unless revoked as is hereinafter provided, and any person may obtain at any time, in the discretion of the persons authorized to grant licenses, in the town or city in which he resides, a license to expire on the first day of July next succeed-

ing the granting of the same, and pay therefor a price which shall be in proportion to the length of time which the said license so granted shall continue in force bears to the price of a license for a year; but no license granted under the provisions of this chapter shall authorize any person to sell any spirituous or intoxicating liquors on Sunday, or to any minor, or person of notoriously intemperate habits. Before granting license to any person under the provisions of this chapter, said council or board shall give notice, by advertisement in some newspaper printed in the county, of the name of the applicant for said license, and the particular location for which the license is requested; and shall give opportunity for remonstrants to be heard before them as to the granting thereof; and no license shall be granted under this chapter to authorize the sale of any such liquors at any building or place where the owners or occupants of the greater part of the land within two hundred feet of such building or place shall file with the board, having jurisdiction to grant licenses, their objection to the granting of such license; nor shall any license be granted for the sale of such liquors in any building or place within four hundred feet of any public school; and before any license shall be issued under the provisions of this chapter, the person applying therefor shall give bond to the town or city treasurer in the penal sum of one thousand dollars, with at least two sureties satisfactory to the said council or board, which sureties shall be residents of the town or city where the licensee proposes to do business, conditioned that he will not violate any of the provisions of this chapter, and for the payment of all costs and damages incurred by any violation of this chapter; and he shall also pay for such license to the town or city treasurer the sum hereinafter named, one-half thereof for the use of such town or city, and the other half thereof to be paid over by the town or city treasurer to the general treasurer for the use of the State: *Provided*, however, that the board of aldermen of the city of Providence shall elect three commissioners, who shall have and exercise all the powers and duties conferred upon boards of aldermen and town councils by the provisions of this chapter. The board of aldermen shall in the month of May, of each year, elect one commissioner, who shall serve for three years from the first Monday in June in such

year.  Said commissioners shall receive such compensation, to be paid by the city of Providence, as the city council of said city shall determine.  And said board of aldermen, in case of vacancy in said board of commissioners by death, resignation, or otherwise, shall have power to fill said vacancy by election of a commissioner to serve during the residue of the unexpired term caused by such vacancy.  The qualified electors of the several towns other than the city of Providence may, at any regular town meeting, elect three commissioners to serve for the term of one year, and until others are elected and qualified in their stead.  Such commissioners shall receive such compensation as the electors at said town meeting, or the town council, may determine, not exceeding, however, five dollars for every day actually employed, to be paid by said town.  Vacancies shall be filled by the town council.  The commissioners elected or appointed under the provisions of this section shall have and exercise all the powers and duties conferred upon boards of aldermen and town councils by the provisions of this chapter.  Said boards of commissioners may elect one of their number as secretary, who shall keep and have custody of all the records of said board.  Copies of the records of said boards of commissioners elected pursuant to this chapter, duly certified by the respective secretaries thereof, shall be received as evidence of any of the proceedings of said boards, and the certificates of said secretaries, that it does not appear by such records that a person named in said certificate held a license under this chapter, shall be competent evidence of the facts therein contained.  The commissioners elected or appointed under the provisions of this section shall annually, on or before the first day of February, make report to the General Assembly, which said report shall give the number of licenses granted by said commissioners, with the names of the persons licensed, and the amount of money received therefor."

Doubts having arisen as to the meaning and construction of parts of this section, the Governor, acting under article 10, section 3, of the Constitution of the State, which provides that " the Judges of the Supreme Court shall give their written opinion upon any question of law whenever requested by the Governor," addressed the following communication to the justices of the court :

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
PROVIDENCE, *July* 14,'1881.

*To the Honorable the Judges of the Supreme Court:*

Pursuant to a request of the mayor of the city of Providence, acting under a resolution of the board of aldermen of said city, I have the honor, under the provisions of article 10, section 3, of the Constitution, to request your opinion on the following questions of law:

*First.* Does the restriction contained in section 2 of chapter 889 of the Public Laws, passed at the last January Session of the General Assembly, to wit: " Nor shall any license be granted for the sale of such liquors in any building or place within four hundred feet of any public school," cover all ground or space within a circle of four hundred feet from a public school, or is its operation confined to a point within four hundred (400) feet of such public school as measured upon a street or highway?

*Second.* In making measurements under said section, should the point to be measured from be the school building or the school lot?

Respectfully yours,
ALFRED H. LITTLEFIELD, *Governor.*

OPINION OF THE COURT.

*July* 28, 1881.

*To His Excellency, Alfred H. Littlefield, Governor of the State of Rhode Island and Providence Plantations:*

We have received your Excellency's communication, dated July 14, 1881, and, in reply to it, have to say that we are of the opinion that the restriction contained in section 2 of chapter 889 of the Public Laws, to wit: " Nor shall any license be granted for the sale of such liquors in any building or place within four hundred feet of any public school," covers the entire space around any public school for four hundred feet, so that a " building or place " is within four hundred feet of a school, whenever, measuring in a straight line, any part of it is within four hundred feet of any part of the school.

We are also of opinion that the word " school " in the chapter means simply the school house, and does not include the school lot or yard, and consequently that the measurements should be made from the school building.

Judge MATTESON is absent from the city, and Judge TILLINGHAST is too ill to confer with us.

> THOMAS DURFEE,
> ELISHA R. POTTER,
> JOHN H. STINESS.